UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHARLES COX; and DENAN COX,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT (DOC. NO. 11)**<br><br>Case No. 2:25-cv-00274<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Charles and Denan Cox brought this action against the Internal Revenue Service, seeking a refund for overpaid taxes.[1]  The IRS argues it cannot respond because the Coxes' complaint lacks necessary detail about their refund claim.[2]  The Coxes did not respond to the motion.  Nevertheless, because the IRS fails to demonstrate an inability to respond to the complaint, the agency's motion is denied.

---

[1] (Compl., Doc. No. 1.)

[2] (Mot. for a More Definite Statement Under Rule 12(e) (Mot.), Doc. No. 11.)

BACKGROUND

The Coxes allege the following facts in their complaint.[3]  In April 2016, they filed a 2015 tax return with the IRS and paid the $6,461 amount due.[4]  In October 2017, the IRS audited the Coxes, issuing a "Notice of Tax Examination Changes report" and increasing their 2015 tax liability to $25,113.84.[5]  The notice explained that information the Coxes provided in their return did not establish certain expenses "were paid or incurred during the taxable year" or were "ordinary and necessary to [their] business and therefore disallowed."[6]  The IRS issued another notice two months later, increasing the amount due to $28,757.77 for failing to respond to the agency's request for supporting information.[7]

The Coxes filed an appeal and reconsideration request with the IRS in December 2018 and April 2019, respectively.[8]  On February 6, 2020, they submitted another audit reconsideration request.[9]  With this request, they attached an amended tax return for

---

[3] Because the Coxes proceed without an attorney, their complaint is liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] (Compl ¶ 6, Doc. No. 1.)

[5] (*Id.* ¶ 8.)

[6] (*Id.* (internal quotation marks omitted).)

[7] (*Id.* ¶ 9.)

[8] (*Id.* ¶¶ 13, 15.)

[9] (*Id.* ¶ 19.)

2015 "for illustration and processing purposes."[10]  According to the complaint, the

amended return separated the two different businesses the Coxes had previously

combined "into a singular Schedule C" in their original 2015 tax return.[11]  And while the

exam request was pending, the Coxes paid their tax debt "in full" in October 2020.[12]

Months later, an IRS agent told the Coxes the agency closed their request in May

2021, "but there were no notes or details as to why."[13]  Another IRS agent, however,

said the request closed in April 2021 because "there were other issues raised in the

[request] that fell outside the original audit issues," and so "the case was routed back to

Accounts Management for normal processing."[14]  After nearly two years, the Coxes

learned the IRS was closing their case in March 2023, "because of how long it ha[d]

taken," and the agency "would be issuing LTR 105C."[15]  The Coxes' continued attempts

to work with the IRS to resolve the case were unsuccessful.[16]

---

[10] (*Id.*)

[11] (*Id.*)

[12] (*Id.* ¶ 21.)

[13] (*Id.* ¶ 25.)

[14] (*Id.* ¶ 26.)

[15] (*Id.* ¶ 39.)  A Letter 105C (or LTR 105-C) is a notice from the IRS informing a business the agency has denied its claim for a tax refund or credit.  *See IRS, Understanding Letter 105-C, Disallowance of the Employee Retention Credit*, (Apr. 27, 2026) https://www.irs.gov/coronavirus/understanding-letter-105-c-disallowance-of-the-employee-retention-credit [https://perma.cc/T67M-FQ9K].

[16] (Compl. ¶¶ 40–43, Doc. No. 1.)  Specifically, the Coxes allege they filed Form 907 with the IRS.  (*Id.* ¶ 40.)  This form, entitled "Agreement to Extend the Time to Bring Suit," provides taxpayers a means of extending the limitations period to bring tax refund

This action followed in April 2025.  Invoking 26 U.S.C. § 7422, the Coxes assert a single claim seeking a refund for overpaid federal income tax.[17]  They allege they paid "$24,370" in federal income tax "for the 2015 tax year," even though their "unprocessed amended return shows a corrected tax liability of $9,641."[18]  The Coxes claim they submitted a timely "audit reconsideration/amended return," but the IRS "refused to process the valid claim for refund."[19]  The IRS now moves for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, arguing it is unable to respond to the complaint because relevant and necessary details are lacking.[20]

DISCUSSION

Because the IRS fails to show it cannot respond to the Coxes' complaint, and the pleading contains sufficient detail, the motion is denied.  Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[21]  But where Rule 8 of the Federal Rules of Civil Procedure provides for

---

suits.  *See IRS, Understanding Letter 105-C, Disallowance of the Employee Retention Credit*, (Apr. 27, 2026), https://www.irs.gov/coronavirus/understanding-letter-105-c-disallowance-of-the-employee-retention-credit [https://perma.cc/T67M-FQ9K].

[17] (Compl. ¶¶ 2, 44–48, Doc. No. 1.)

[18] (*Id.* ¶¶ 45–46.)

[19] (*Id.* ¶ 47.)

[20] (Mot., Doc. No. 11 at 1.)  Because the IRS's motion does not include page numbers, references are to the CM/ECF pagination.

[21] Fed. R. Civ. P. 12(e).

4

notice pleading—a "short and plain statement of the pleader's claim"—Rule 12(e)

motions are "generally disfavored by the courts and are properly granted only when a

party is unable to determine the issues to which a response is required."[22]  Rule 12(e)

"is designed to correct pleadings that are unintelligible not merely to correct a claimed

lack of detail."[23]  "[T]he standard to be applied is whether the claims alleged are

sufficiently specific to enable a responsive pleading in the form of a denial or an

admission."[24]

The Coxes' complaint satisfies this standard.  The IRS recognizes that the Coxes

assert a refund claim for 2015 taxes under 26 U.S.C. § 7422.[25]  Section 7422 allows

taxpayers to bring an action against the federal government to recover taxes "alleged to

have been erroneously or unlawfully assessed or collected."[26]  But the taxpayer must

first file a refund claim with the IRS and satisfy other timing requirements.[27]  That refund

---

[22] *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-cv-307, 2015 U.S. Dist. LEXIS 140572, at *2–3 (D. Utah Oct. 14, 2015) (unpublished) (citation omitted); *see also Classic Commc'ns v. Rural Tel. Serv. Co.*, 956 F. Supp. 910, 923 (D. Kan. 1997) (explaining the same).

[23] *Rudder Holding Co., LLC v. Christensen*, No. 2:17-cv-00678, 2021 U.S. Dist. LEXIS 60315, at *30 (D. Utah Mar. 27, 2021) (unpublished) (quoting *Swig Holdings*, 2015 U.S. Dist. LEXIS 140572, at *3).

[24] *Id.* at *8.

[25] (Mot., Doc. No. 11 at 2.)

[26] 26 U.S.C. § 7422(a).

[27] *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4–5 (2008) (explaining that, before bringing a refund suit, taxpayers must first file a claim for a refund with the IRS "no later than '3 years from the time the [tax] return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later'" (quoting 26 U.S.C.

claim must sufficiently apprise the agency of the grounds for the refund.[28]  And the

subsequent tax refund suit must be based on the same grounds.[29]  In addition, the

taxpayer "must have fully paid the assessed deficiencies" before filing suit.[30]  Once

these timing and jurisdictional bars are cleared, courts review refund suits *de novo* to

determine if the plaintiff has shown: the assessed tax liability was incorrect and the

plaintiff is entitled to a refund.[31]

---

§ 6511(a))); *Oldland v. Kurtz*, 528 F. Supp. 316, 322 (D. Colo. 1981) (explaining refund suits must be filed "after the refund claim has been denied by the IRS or after six months from when the refund claim was filed" (referencing 26 U.S.C. § 6532(a)(1))).

[28] *See Green v. United States*, 880 F.3d 519, 532 (10th Cir. 2018) ("The claim must set forth in detail each ground upon which a credit or a refund is claimed and in facts sufficient to apprise the Commissioner of the exact basis thereof." (quoting 26 C.F.R. § 301.6402-2(b)(1))); *Intermountain Elecs., Inc. v. United States*, No. 2:20-cv-00501, 2021 U.S. Dist. LEXIS 133349, at *9 (D. Utah July 16, 2021) (unpublished) (explaining that even informal refund claims to the IRS must "be made in writing[,]" provide the IRS "actual or constructive notice that the taxpayer seeks a refund for a specific year[,]" and "describe the legal and factual basis for the refund").

[29] *See Green*, 880 F.3d at 532 (explaining taxpayers cannot present "claims in a tax refund suit that substantially vary the legal theories and factual bases set forth in the tax refund claim presented to the IRS," and courts cannot consider a "legal theory not expressly or impliedly contained in the application for refund" (citations omitted)).

[30] *Oldland*, 528 F. Supp. at 322 (citing *Flora v. United States*, 362 U.S. 145, 176 (1960)).

[31] *See Dye v. United States*, 121 F.3d 1399, 1407–08 (10th Cir. 1997) (explaining "the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax[,]" and plaintiffs must show the amount paid "exceed[s] the amount which *might* have been properly assessed and demanded" (citation omitted); *Premier Tech., Inc. v. United States*, No. 2:20-cv-890, 2021 U.S. Dist. LEXIS 132700, at *10–11 (D. Utah July 15, 2021) (unpublished) (explaining courts review tax refund claims *de novo* and the plaintiff must demonstrate the tax assessment was erroneous and "must also prove the amount of the refund due" (citation modified)).

Focusing on this final merits showing rather than the timing or jurisdictional requirements for refund claims, the IRS contends the Coxes' complaint includes irrelevant facts and lacks allegations the agency needs to respond.[32]  Specifically, the IRS contends the basis for the refund claim is unclear because the complaint only details the Coxes' communications with the IRS about the 2015 tax return.[33]  In the agency's reading, the complaint includes no facts describing the "nature and character of the alleged overpayment," the "positions taken on [the Coxes'] amended return for 2015," or "the basis for their purported entitlement to a tax refund in the amount claimed."[34]  The IRS argues the Coxes "do not discuss the return itself" or "the changes [they] sought in filing the amended return."[35]  And "essential" allegations—"how the 2015 tax assessment is incorrect" and "the exact amount of refund sought"—are lacking, yet necessary, for the IRS to adequately respond to the complaint.[36]

The IRS has not justified the need for a more definite statement.  The Coxes provide a timeline and outline basic facts underlying their claim.  They allege when they filed their 2015 tax return, how much was due and paid, when the IRS's audit occurred and why (unsubstantiated expenses for the Coxes' "business"), when they appealed

---

[32] (Mot., Doc. No. 11 at 2–3.)

[33] (*Id.* at 2.)

[34] (*Id.*)

[35] (*Id.*)

[36] (*Id.* at 3.)

and sought audit reconsideration, and when they paid their tax debt "in full."[37]  More importantly, though, the Coxes allege they submitted an amended 2015 tax return for processing on February 6, 2020, that separated the two businesses they previously combined in their original return.[38]  And the Coxes specifically allege they paid "$24,370 for the 2015 tax year," the amended return "shows a corrected tax liability of $9,641," and the IRS closed the case without processing the amended return merely "because of how long it ha[d] taken."[39]

These allegations suggest the basis for the Coxes' refund claim is not unintelligible or unclear.  Indeed, the Coxes' claim seems based on the theory that their amended 2015 return corrected the business expense issue on the original return—but the IRS failed to process the amended return (for an apparently trivial reason), resulting in an incorrect tax assessment and overpayment of $14,729.[40]  In other words, the complaint includes the essential points—how the 2015 tax assessment is incorrect, and the refund amount.  Accordingly, the IRS fails to show it is unable to respond to the

---

[37] (Compl ¶¶ 6, 8–9, 13, 15, 19, 21, Doc. No. 1.)

[38] (*See id.* ¶ 19 ("The Plaintiffs combined two different businesses into a singular Schedule C; Plaintiffs submitted an amended return to separate each business.").)

[39] (*Id.* ¶¶ 39, 45–46.)

[40] The Coxes allege they paid $24,370 in taxes for 2015 even though their amended return shows a corrected tax liability of $9,641, which equals an alleged overpayment of $14,729.

complaint.[41]  Because the IRS presents no compelling reason for ordering a more definite statement, the agency's motion is denied.[42]

CONCLUSION

The motion for a more definite statement[43] is denied.  The IRS must answer or otherwise respond to the complaint by May 28, 2026.

DATED this 7th day of May, 2026.

BY THE COURT:

Daphne A. Oberg<br>
United States Magistrate Judge

---

[41] *See Swig Holdings*, 2015 U.S. Dist. LEXIS 140572, at *2–3 (explaining that Rule 12(e) motions are generally disfavored and properly granted "only when a party is unable to determine the issues to which a response is required"); *Rudder Holding Co.*, 2021 U.S. Dist. LEXIS 60315, at *8 (explaining Rule 12(e) "is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail").

[42] The IRS also notes seven paragraphs appear to be missing from the complaint. (Mot., Doc. No. 11 at 2.)  It is unclear whether this was a filing error or some other omission.  But the complaint provides sufficient detail as it stands, for the reasons explained here.

[43] (Doc. No. 11.)